**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Gordon Daniels, ) | No. CV 06-2891-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael Chertoff, Secretary of the ) Department of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  Pending before the Court is Defendants' Motion to Dismiss (Doc. # 6). In the motion, Defendants seek dismissal of Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**I. Background**

  Plaintiff, an airport security screener for the Transportation Security Administration (the "TSA"), filed a formal complaint of discrimination with his employer on September 14, 2004. Plaintiff alleged that the TSA discriminated against him because of a disability, which Plaintiff listed as diabetes. On September 6, 2006, Plaintiff received the Department of Homeland Security's Final Order on the complaint, which concluded that Plaintiff had failed to prove he was subjected to discrimination on the basis of a physical disability. Included with the order was a document entitled "Notice of Appeal Rights," which provided that Plaintiff had the right to appeal or file a civil action naming Michael Chertoff, Secretary of the Department of Homeland Security, as the defendant.

On December 1, 2006, Plaintiff filed a complaint in federal district court. On December 18, 2006, Plaintiff filed his second amended complaint alleging that the named defendants engaged in a pattern or practice of discrimination on the basis of disability and retaliation. Plaintiff asserts that the discrimination claim is based on Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act, and Section 403 of the Vietnam Era Veterans Readjustment Assistance Act of 1974 (the "VEVRA"). Named as defendants are Michael Chertoff, in his official capacity as Secretary of the Department of Homeland Security, and twelve individuals identified as TSA managers or supervisors. The twelve individuals are named as defendants in both their individual capacities and in their official capacities as TSA employees.

## II.     Legal Standard

Defendants seek dismissal of the discrimination claim against them under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. However, because the Court finds Defendants' arguments are more properly brought under Rule 12(b)(6), the Court will consider Defendants' motion under Rule 12(b)(6) only.

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)); *see Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Id.* at 249 (quotation marks omitted). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley*, 355 U.S. at 47; 5 C. Wright & A.

1  Miller, *Federal Practice & Procedure* § 1202 (2d ed. 1990)). Indeed, though "'it may appear
2  on the face of the pleadings that a recovery is very remote and unlikely[,] . . . that is not the
3  test.'" *Gilligan*, 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).
4  "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is
5  entitled to offer evidence to support the claims.'" *Id.* Finally, it is well established that pro
6  se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal
7  pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks
8  omitted); *see Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996) ("Because Ortez is a
9  pro se litigant, we must construe liberally his inartful pleading[.]") (citation omitted). "In
10 civil rights cases where the plaintiff appears pro se, the court must construe the pleading
11 liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police*
12 *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th
13 Cir. 2001) (citing *Karim-Panahi*, 839 F.2d at 623; *Haines v. Kerner*, 404 U.S. 519, 520
14 (1972)); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (citing *Karim-Panahi*, 839
15 F.2d at 623).

16        When analyzing a complaint for failure to state a claim, "[a]ll allegations of material
17 fact are taken as true and construed in the light most favorable to the non-moving party."
18 *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *see Miree v. DeKalb County*, 433 U.S.
19 25, 27 n.2 (1977). In addition, the district court must assume that all general allegations
20 "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano*
21 *Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173 (1995)
22 (citations omitted). The district court need not assume, however, that the plaintiff can prove
23 facts different from those alleged in the complaint. *See Associated Gen. Contractors of*
24 *Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Similarly, legal
25 conclusions couched as factual allegations are not given a presumption of truthfulness and
26 "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
27 motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see Jones v. Cmty.*
28

*Redev. Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984); *W. Mining Council*, 643 F.2d at 624.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see* William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 9:187, at 9-46 (2002). Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts."); *see also Federal Civil Procedure Before Trial* § 9:193, at 9-47.

**III.     Discussion**

    **A.     Americans with Disabilities Act**

Plaintiff alleges that Defendants discriminated against him, in violation of section 12112(b)(5)(A) of the ADA, by refusing to fully accommodate him while failing to show how the full accommodation would be an undue hardship. In response, Defendants argue that Plaintiff's claim under the ADA is barred because the ADA does not apply to federal employees. Plaintiff counters that the ADA is applicable to federal employees because of the relationship between the ADA and the Rehabilitation Act.

Under the ADA, the federal government is excluded from the definition of "employer." *See* 42 U.S.C. § 12111(5)(B)(i). Based on this exclusion, federal courts have concluded that the ADA provides no remedy to federal employees. *See Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (stating that the opinion would concentrate on the Rehabilitation Act, "since the ADA is not available to federal employees"); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from coverage of the ADA"); *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd Cir. 1998) (stating that, as a federal employee, plaintiff "has no remedy for employment discrimination under the ADA"). Accordingly, even construing the facts alleged

- 4 -

1  in the light most favorable to Plaintiff and accepting all well-pleaded factual allegations as
2  true, Plaintiff's allegations are insufficient as a matter of law to state a claim for relief under
3  the Americans with Disabilities Act and the claim will be dismissed as against all
4  Defendants. *See SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780,
5  783 (9th Cir. 1996) (stating that a court may dismiss a claim as a matter of law for "(1) lack
6  of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.").

### B.  The Rehabilitation Act

Plaintiff alleges that Defendants violated the Rehabilitation Act, 29 U.S.C. § 701, et seq., by refusing to expeditiously process his request for a reasonable accommodation due to his diabetes and by repeatedly making unnecessary requests for fitness-for-duty examinations and medical information. In response, Defendants argue that Plaintiff's claim is barred because the Rehabilitation Act is preempted by the Aviation and Transportation Security Act of 2001 (the "ATSA"). Plaintiff counters that the Rehabilitation Act is not preempted because the purpose of the ATSA was not to create an "independent kingdom [the TSA] which had no obligation to obey other federal laws or which could discriminate against its employees at will."

The ATSA was passed in response to the September 11, 2001, terrorist attacks with the stated goal of fundamentally changing the way the United States "'approaches the task of ensuring the safety and security of the civil air transportation system.'" *See Castro v. Secretary of Homeland Security*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting H.R. Conf. Rep. No. 107-296 at 53, U.S.Code Cong. & Admin.News 2002, pp. 589-90). To accomplish the goal, the ATSA created a "workforce of federal employees to screen passengers and cargo at commercial airports." *Id.* Under the ATSA:

> [T]he Under Secretary shall establish qualification standards for individuals to be hired by the United States as security screening personnel. Notwithstanding any provision of law, those standards shall require, at a minimum, an individual–
>
> \* \* \*

> (iii) to meet, at a minimum, the requirements set forth in subsection (f);
>
> (iv) to meet such other qualifications as the Under Secretary may establish; and
>
> (v) to have the ability to demonstrate daily a fitness for duty without any impairment due to illegal drugs, sleep deprivation, medication, or alcohol.

49 U.S.C. § 44935(e)(2)(A).

Subsection (f) of the ATSA provides that, notwithstanding any provision of law, screeners must: (1) possess a high school diploma, a general equivalency diploma, or experience that the Under Secretary has determined to be sufficient for the individual to perform the duties of the position; (2) possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills; and (3) be able to read, speak, and write English. 49 U.S.C. § 44935(f). In addition, Public Law 107-71, Title I, § 111(d), 115 Stat. 620, codified as a note to 49 U.S.C. § 44935, provides:

> Notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code.

Reviewing the foregoing provisions of the ATSA, the court in *Castro v. Secretary of Homeland Security*, 472 F.3d 1334 (11th Cir. 2006), concluded that the ATSA, in establishing hiring standards for airport security screeners, exempts the TSA from compliance with the Rehabilitation Act. In so concluding, the *Castro* court stated:

> The plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners.
>
> * * *
>
> We read the phrase "notwithstanding any other provision of law" as Congress's indication that the statute containing that language is "intended ... to take precedence over any preexisting or subsequently-enacted ... legislation [on the same subject]." *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995);

> *see also Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18, 113 S.Ct. 1898, 1903, 123 L.Ed.2d 572 (1993) (commenting favorably upon interpretations by Courts of Appeals of similar "notwithstanding" language "to supersede all other laws" and quoting, "a clearer statement is difficult to imagine.") (citations omitted). Thus, the "notwithstanding" language of section 44935(e) and the note to the statute indicate that TSA shall implement hiring standards and conditions of employment (including physical standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act.

*Castro*, 472 F.3d at 1337. The same conclusion was reached in *Tucker v. Ridge*, 322 F.Supp.2d 738 (E.D.Tex. 2004). In *Tucker*, the plaintiff sued the TSA alleging that he was discriminated against and unlawfully denied a position with the TSA because of a physical disability. Reviewing the language of the ATSA, the court, like *Castro*, concluded:

> [T]he Rehabilitation Act is superceded by the [ATSA], which grants the Under Secretary of Transportation the authority to establish hiring criteria for security screening personnel. 49 U.S.C. § 44935(e)(3). Consistent with the ATSA's plain language, the criteria that the Under Secretary establishes are neither subject to review nor challenge under the Rehabilitation Act.

*Tucker*, 322 F.Supp.2d at 742.

The ATSA's preemptive effect was extended in *Pino v. Hawley*, ---- F.Supp.2d ----, 2007 WL 936738, *5 (W.D.Pa. March 26, 2007), wherein the plaintiff sued the TSA for discrimination under the Rehabilitation Act after being terminated because of a medical condition that impacted his job performance. After reviewing the language of the ATSA, the court held that the ATSA's pre-emptive effect, as expressed in *Castro* and *Tucker*, extends beyond the hiring process, stating:

> The foregoing provisions evidence Congress's intent to give the TSA *carte blanche* with regard to all of its employment decisions regarding security screeners, including the termination of an existing employee who is deemed to be no longer qualified to perform his screening job due to his lack of daily fitness for duty.

*Pino* at *6. In reaching its decision, the *Pino* court relied, in part, on *Yeager v. Chertoff*, No. 06-740 (W.D.Wash. Nov. 13, 2006), wherein the court held that because the ATSA preempts

- 7 -

1 the Rehabilitation Act, the TSA is not required to provide accommodations to employees 2 who are not capable of meeting the specific physical qualifications and employment 3 standards promulgated by the ATSA and/or the Under Secretary.

4 In the present action, Plaintiff claims that Defendants violated the Rehabilitation Act 5 by refusing to process his request for a reasonable accommodation due to his diabetes and 6 by repeatedly making unnecessary requests for fitness-for-duty examinations and medical 7 information. However, as the foregoing case law, which the Court finds persuasive, makes 8 clear, the ATSA preempts the Rehabilitation Act and the TSA is not required to provide 9 accommodations to employees who are not capable of meeting the specific physical 10 qualifications and employment standards promulgated pursuant to the ATSA. As a result, 11 the Court concludes that Plaintiff's claim that Defendants violated the Rehabilitation Act is 12 preempted. Accordingly, even construing the facts alleged in the light most favorable to 13 Plaintiff and accepting all well-pleaded factual allegations as true, Plaintiff's allegations are 14 insufficient as a matter of law to state a claim for relief under the Rehabilitation Act and the 15 claim will be dismissed as against all Defendants. *See SmileCare Dental Group*, 88 F.3d at 16 783.

### C. Vietnam Era Veterans Readjustment Assistance Act

18 Plaintiff alleges that Defendants, by failing to take affirmative steps to promote, 19 advance, or train him or provide career opportunities, violated the VEVRA.[1] In response, 20 Defendants argue that Plaintiff's claim under the VEVRA must be dismissed because there 21 is no private right of action under the VEVRA. Plaintiff counters that the TSA has waived 22 any such protection because of the instructions it provides to its managers and supervisors 23 to comply with federal affirmative action laws.

---

[1] Plaintiff alleges that Defendants violated section 403 of the VEVRA. However, a review of the VEVRA indicates that there is no such section. Instead, sections 4212 and 4214 involve the promoting and training of veterans. Accordingly, the Court will analyze Plaintiff's claim as if brought under 38 U.S.C. §§ 4212 and 4214.

- 8 -

Despite Plaintiff's argument, the case law is clear that there is no private right of action under 38 U.S.C. §§ 4212 or 4214. In *Antol v. Perry*, 82 F.3d 1291 (3rd Cir. 1996), the Third Circuit found that section 4214 does not provide a private right of action. Similarly, the Tenth Circuit, in *Suazo v. Regents of Univ. of California*, 149 F.3d 1191, *2 (10th Cir. 1998) (Table), joining the other courts that have addressed the issue, held that there is no private right of action under sections 4212 or 4214. Finally, in *McCloskey v. Chertoff*, No. 14047 (S.D.Fla. Mar. 28, 2005), the court dismissed a claim brought under section 4214 on the ground that no private right of action exists thereunder. Considering the foregoing case law, Plaintiff herein has no private right of action under sections 4212 or 4214 of the VEVRA. Accordingly, Plaintiff's allegations are insufficient as a matter of law to state a claim for relief under the Vietnam Era Veterans Readjustment Assistance Act and the claim will be dismissed as against all Defendants. *See SmileCare Dental Group*, 88 F.3d at 783.

### D.     Title VII of the Civil Rights Act of 1964

Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964 by refusing to expeditiously process his request for a reasonable accommodation. In response, the twelve employee Defendants argue that they cannot be sued in their individual capacities under Title VII. The employee Defendants further argue that the Title VII claim against them in their official capacities should be dismissed because it is repetitive and merges with Plaintiff's Title VII claim against the TSA. Plaintiff counters that the employee Defendants can be sued in their individual capacities because they acted willingly with malice and reckless indifference to his federal civil rights. Plaintiff also argues that the claim against the employee Defendants in their official capacities should not merge with the claim against the TSA because the employee Defendants acted with personal malice and not with an intent "to serve the master" such that they were acting outside the scope of their employment.

In the Ninth Circuit, employees cannot be held liable in their individual capacities under Title VII of the Civil Rights Act. *See Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 808 (9th Cir. 1996); *see also Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir.

1995) (stating that there is no personal liability for employees, including supervisors, under Title VII); *Taylor v. ScottPolar Corp.*, 995 F.Supp. 1072, 1079 (D.Ariz. 1998) (stating that it is well settled in the Ninth Circuit that a defendant may not be sued in his individual capacity under Title VII). The cases Plaintiff cites in opposition, *Wolf-Lillie v. Sonquist*, 699 F.2d 864 (7th Cir. 1983) and *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986), are inapposite as they involve claims that defendants violated certain constitutional rights under 42 U.S.C. § 1983. In the present case, Plaintiff is not asserting that the employee Defendants violated his constitutional rights under 42 U.S.C. § 1983. Accordingly, under controlling Ninth Circuit case law, the twelve employee Defendants cannot be held liable in their individual capacities under the Title VII claim and the claim will be dismissed as against the twelve employee Defendants in their individual capacities.

In addition, the Title VII claim against the twelve employee Defendants in their official capacities will be dismissed because it merges with Plaintiff's claim against his employer, the TSA. *See Taylor*, 995 F.Supp. at 1079 (dismissing certain Title VII defendants because "the employer alone is liable for any violation of Title VII; thus, claims against the individuals in their official capacity merge into claims against the employer"); *see also Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir. 1995) (affirming dismissal of Title VII claim against an employee in his official capacity because it merges with claim against the employer). Plaintiff's argument that the employee Defendants were acting outside the scope of their employment belies the allegations set forth in his complaint, which allegations do not set forth any non-employment related conduct by the employee Defendants. Accordingly, the Title VII claim against the twelve employee Defendants in their official capacities will be dismissed.[2]

---

[2] Defendants have not sought dismissal of the Title VII claim against Michael Chertoff, the Secretary of the Department of Homeland Security, who is the properly named defendant in an action against the TSA. Accordingly, Plaintiff's Title VII claim against the TSA will proceed.

**IV.    Conclusion**

For the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. # 6) is GRANTED;

IT IS FURTHER ORDERED that the Americans with Disabilities Act claim against all Defendants is dismissed;

IT IS FURTHER ORDERED that the Rehabilitation Act claim against all Defendants is dismissed;

IT IS FURTHER ORDERED that the Vietnam Era Veterans Readjustment Assistance Act claim against all Defendants is dismissed;

IT IS FURTHER ORDERED that the Title VII claim against David Couts, Robert Earby, Shannon Dalton, Kenneth Elmer, Clifford Harrington, Andre Watson, David Bonczkiewicz, Brian Kuhn, Larry Brown, Vincent Ingegneri, Orville Richard, and Clarence Looney, in their individual and official capacities, is dismissed.

DATED this 17th day of April, 2007.

James A. Teilborg
United States District Judge

- 11 -