**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James Gordon Daniels,            )<br>                                  )<br>        Plaintiff,               )<br>                                  )<br>vs.                               )<br>                                  )<br>                                  )<br>Michael Chertoff, Secretary of the)<br>Department of Homeland Security, et al.,)<br>                                  )<br>        Defendants.               )<br>_____) | No. CV 06-2891-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend Pleading (Doc. # 24).

## I.     Background

Plaintiff, an airport security screener for the Transportation Security Administration (the "TSA"), filed a formal complaint of discrimination with his employer on September 14, 2004. Plaintiff alleged that the TSA discriminated against him because of a disability, which Plaintiff listed as diabetes. On September 6, 2006, Plaintiff received the Department of Homeland Security's Final Order on the complaint, which concluded that Plaintiff had failed to prove he was subjected to discrimination on the basis of a physical disability. Included with the order was a document entitled "Notice of Appeal Rights," which provided that Plaintiff had the right to appeal or file a civil action naming Michael Chertoff, Secretary of the Department of Homeland Security, as the defendant.

On December 1, 2006, Plaintiff filed a complaint in federal district court. On December 18, 2006, Plaintiff filed his second amended complaint alleging that the named

1 defendants engaged in a pattern or practice of discrimination on the basis of disability and
2 retaliation. Plaintiff asserted that the discrimination claim is based on Title VII of the Civil
3 Rights Act of 1964, the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act,
4 and Section 403 of the Vietnam Era Veterans Readjustment Assistance Act of 1974 (the
5 "VEVRA"). Named as defendants were Michael Chertoff, in his official capacity as
6 Secretary of the Department of Homeland Security, and twelve individuals identified as TSA
7 managers or supervisors. The twelve individuals were named as defendants in both their
8 individual capacities and in their official capacities as TSA employees.

9 On April 17, 2007, the Court issued an Order dismissing the Americans with
10 Disabilities Act, Rehabilitation Act, and Vietnam Era Veterans Readjustment Assistance Act
11 claims against all Defendants. The Court also dismissed the Title VII claims against all of
12 the Defendants except for Michael Chertoff, as Secretary of the Department of Homeland
13 Security.

14 In his pending motion, Plaintiff seeks to amend his complaint to: (1) correct the
15 spelling of a Defendant's name; (2) add two Defendants whose whereabouts were unknown
16 to Plaintiff; (3) specify additional laws giving the Court jurisdiction; and (4) to request
17 punitive damages.

18 **II.    Legal Standard**

19 Leave to amend, "shall be freely given when justice so requires." Fed. R. Civ. P.
20 15(a). Whether to grant a motion to amend depends on the following factors: (1) undue
21 delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5)
22 whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v.*
23 *Molini*, 951 F.2d 200, 204 (9th Cir. 1991). Regarding the futility of amendments to add
24 claims, "[a] district court does not err in denying leave to amend where the amendment
25 would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829,
26 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214
27 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or
28

1 legally insufficient.") (citation omitted).

2 **III.    Discussion**

3 The Court has reviewed Plaintiff's proposed second amended complaint and finds that the proposed amendments would be futile.  First, Plaintiff proposes to clarify that Defendant "Lawrence Brown" is more properly identified as "Larry Brown."  However, the Court notes that all claims against "Lawrence Brown" were dismissed in the Court's April 17, 2007, Order.  Second, Plaintiff proposes to name two new Defendants, but fails to do so.  Instead, Plaintiff simply names as Defendants all of the Defendants dismissed in the April 17, 2007, Order.  Third, Plaintiff proposes to assert claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Vietnam Era Veterans Readjustment Assistance Act, which claims also were dismissed in the April 17, 2007, Order.  Fourth, Plaintiff proposes to assert a constitutional claim under 42 U.S.C. § 1983 against Michael Chertoff, which claim, known as a *Bivens* action, is barred by the Civil Service Reform Act.  *See Stanley v. Gonzales*, 476 F.3d 653, 656-57 (9th Cir. 2007); *Blankenship v. McDonald*, 176 F.3d 1192, 1195 (9th Cir. 1999); *Saul v. United States*, 928 F.2d 829, 840 (9th Cir. 1991).  Fifth, 42 U.S.C. § 1983 applies to persons acting under color of state law, which is defined as exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).  Here, the Secretary of the Department of Homeland Security exercises his power pursuant to federal law, not state law.  Finally, Plaintiff proposes to assert a claim for punitive damages under 42 U.S.C. § 1981a(b)(1).  However, the express provisions of § 1981a(b)(1) prohibit a punitive damages award against government agencies.

23 For the foregoing reasons, the Court will deny Plaintiff's motion to amend as futile.  In so doing, the only claim remaining in this case is the Title VII claim, under 42 U.S.C. § 2000e, *et seq.*, against Michael Chertoff, as Secretary of the Department of Homeland Security.

27 Accordingly,

- 3 -

**IT IS ORDERED** that Plaintiff's Motion to Amend Pleading (Doc. # 24) is DENIED.

DATED this 30th day of August, 2007.

_____
James A. Teilborg
United States District Judge