**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James Gordon Daniels,<br><br>    Plaintiff,<br><br>  v.<br><br>Michael Chertoff, Secretary of the Department of Homeland Security,<br><br>    Defendant. | CV 06-2891-PHX-JAT<br><br>ORDER |

**Injunction Issues**

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") and Motion for Preliminary Injunction ("PI") (Doc. #28). Currently, Plaintiff is employed by Defendant (Department of Homeland Security/Transportation Security Administration) as a security screener at Phoenix Sky Harbor Airport. Plaintiff seeks an injunction for the duration of this case to prevent Defendant from: (1) accumulating a paper trail against him, (2) monitoring his breaks, (3) denying Plaintiff from working inside and taking breaks, and (4) harassing Plaintiff.

To obtain a TRO or PI, the moving party must show: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to the moving party if injunctive relief is not granted, 3) a balance of hardships favoring the moving party, and 4) advancement of the public interest (in cases implicating the public interest). *Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1297 (9th Cir. 2003). The moving party may meet this burden by showing <u>either</u>: (1) a combination of probable success on the merits and a possibility of irreparable injury, or (2)

1  the existence of serious questions going to the merits and that the balance of hardships tips
2  sharply in its favor. *Id*. at 1298.

3      Defendant has responded to the motion (Doc. #29). In its response, Defendant
4  acknowledged the general rule that a TRO or PI is an extraordinary remedy that is not issued as
5  a matter of course. *See Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987);
6  *Natural Resources Defense Council v. U.S. E.P.A.*, 966 F.2d 1292, 1300 (9th Cir. 1992).
7  Defendant went on to argue why Plaintiff's requested relief should not be granted based on each
8  prong of the TRO/PI standard listed above. Plaintiff did not file a reply.

9      Turning to the last prong of the test first, Plaintiff must show a possibility of irreparable
10 injury or (depending on his likelihood of success) that the balance of hardships tips in his favor.
11 *See Earth Island Institute*, 351 F.3d at 1297-98. The Government argues and this Court agrees
12 that none of Plaintiff's alleged harms can show either irrparable injury or that the balance of
13 hardships tips in his favor. Plaintiff cannot meet either test because all relief sought by Plaintiff
14 (if he ultimately prevails) can be remedied by monetary damages. *See Anderson v. United*
15 *States*, 612 F.2d 1112, 1116 (9th Cir. 1979) ("If one can be compensated in back pay, a
16 preliminary injunction should not issue."). Thus, the Court will deny both requests for injunctive
17 relief.[1]

18 **Discovery Issues**

19     Plaintiff has also filed something called "memo to the court" in which he requests
20 clarification regarding a potential motion to compel. Such clarification is <u>granted</u> to the limited
21 extent that Plaintiff is advised that all discovery disputes, including motions to compel, must first
22 be brought to the Court via a conference call between the parties as required by the Rule 16
23 scheduling order. At such conference, a party may seek to file a written motion (which may or

---

[1] The Court having decided that the injunction requests should be denied for the reasons stated above, the Court has not reached Defendant's other arguments as to why the injunction requests should be denied such as safety and security issues and likelihood of success on the merits issues.

1 may not be granted).  There having been no conference call in this case, Plaintiff's request to file
2 a motion to compel is <u>denied</u>.

3   Based on the foregoing,

4   **IT IS ORDERED** that the Motion for Temporary Restraining Order/Preliminary
5 Injunction (Doc. #28) is denied.

6   **IT IS FURTHER ORDERED** that Plaintiff's motion for clarification/motion to compel
7 (Doc. #35) is granted in part and denied in part as indicated above.[2]

8   DATED this 14th day of November, 2007.

               _____
                  James A. Teilborg
                  United States District Judge

---

[2] Defendant's motion for summary judgment (Doc. #30) remains pending.